UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID L. COOK,

    Plaintiff,

v.

CITY OF ANTIOCH, et al.,

    Defendants.

Case No. 19-cv-01370-PJH

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a detainee, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was improperly arrested and detained on multiple occasions.

A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the complaint alleges that the arrest was without probable cause or other justification. *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967); *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 n.1. (9th Cir. 2015) (absence of probable cause is essential element of § 1983 false arrest claim). And a claim of unlawful detention/imprisonment is cognizable under § 1983 for violation of the Fourteenth Amendment's guarantee of due process if the arrest was without probable cause or other justification and the defendant knew or should have known that plaintiff was entitled to release. *See Baker v. McCollan*, 443 U.S. 137, 142-

2

145 (1979); *Lee v. County of Los Angeles*, 250 F.3d 668, 684-85 (9th Cir. 2001) (plaintiff stated due process claim where police allegedly arrested plaintiff's son without probable cause, detained him without verifying that he was the person for whom police had an arrest warrant, despite his obvious mental incapacity, and detained him for one day before extradition hearing, which led to his incarceration in another state for two years). *But cf. Gant v. County of Los Angeles*, 772 F.3d 608, 619, 621-22 (9th Cir. 2014) (because plaintiff did not inform defendants of his mistaken identity and because he received a prompt hearing, his due process claim based on unlawful post-arrest detention failed).

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487.

In *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Court held that the "*Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id.* at 391-93 (quoting *Heck*, 512 U.S. at 486-87). The *Heck* rule delays accrual only if there is an existing conviction on the date the statute of limitations begins to run, which in the case of wrongful arrest or wrongful imprisonment claims is when the plaintiff's confinement is no longer without legal process, but rather becomes a confinement pursuant to legal process – that is, for example, when he or she is bound over by a magistrate or arraigned on charges. *Id.* at 389-90. The Court stated that the contention that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" goes "well beyond *Heck*" and rejected it. *Id.*

3

at 393 (italics in original). Although the Court was only considering when the statute of limitations began running on a false arrest/false imprisonment claim, the discussion quoted suggests that *Heck* does not apply if there is no extant conviction – for instance, if plaintiff has only been arrested or charged.

If a plaintiff files a § 1983 false arrest claim before he or she is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the district court, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Id.* at 393-94. If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed. *Id.* at 394.

Plaintiff states that he was improperly arrested and taken to jail on multiple occasions. It appears that he was released from custody after a few days. Plaintiff is currently in custody. It is not clear if he is in custody related to these arrests. It is also not clear the current status of the arrests. Plaintiff states that he was stopped and searched due to the mistaken belief by defendants that he was on probation. Plaintiff states that there have been no probation violation proceedings. Plaintiff has not indicated if there were new charges during the arrests and the status of those charges. The complaint was previously dismissed with leave to amend to provide more information about the arrests and if he is currently in custody due to these arrests. Plaintiff failed to address these issues in the amended complaint.

Plaintiff cannot obtain money damages unless the charges were dropped, or the convictions expunged. If the prosecutions are ongoing, this case must be stayed until the criminal cases are ended. The amended complaint is dismissed with leave to amend to provide more information about the status of the criminal cases and the reason plaintiff is currently in custody. Failure to file an amended complaint and address these issues may result in the dismissal of this action.

**CONCLUSION**

1. The amended complaint is **DISMISSED** with leave to amend in accordance

4

with the standards set forth above. The second amended complaint must be filed no later than **December 5, 2019** and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to file amended complaint may result in dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 6, 2019

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge