UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. COOK,<br>        Plaintiff,<br>    v.<br>MARCOS TORRES, et al.,<br>        Defendants. | Case No. 19-cv-01370-PJH<br><br>**ORDER DENYING MOTION**<br>Re: Dkt. No. 69 |

      Plaintiff, a federal prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. This case continues on plaintiff's claims that he was improperly arrested and detained on multiple occasions in Antioch and Concord, California. The defendants are police officers or dispatch workers in those California cities. Plaintiff is currently in federal custody in Oregon. Plaintiff has filed a motion for the court to order a prison warden in Oregon to provide plaintiff additional law library access. Docket No. 69.

      Federal courts are courts of limited jurisdiction. The pendency of this action does not give the court jurisdiction over prison officials in general or over the relief requested in plaintiff's motion that is not the subject of the operative complaint. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969. Generally, it is appropriate to grant in a preliminary injunction "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945). A court should not issue an injunction when the relief sought is not of the same character, and the injunction deals

with a matter lying wholly outside the issues in the underlying action.  *Id.*  Moreover, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).  Thus, Plaintiff's motion must be denied because the court lacks personal jurisdiction over the officials at the Oregon prison and, in any event, the requested relief is not of the same character as that requested in plaintiff's complaint.

However, the court notes that a motion for summary judgment is currently pending and plaintiff must file an opposition to the motion.  Plaintiff may show this order to officials at his prison demonstrating that he had a due date to file an opposition.  Plaintiff's motion (Docket No. 69) is **DENIED**.  Plaintiff will be provided an extension and an opposition to the summary judgment motion should be filed by **February 18, 2021**.

**IT IS SO ORDERED.**

Dated: January 6, 2021

           */s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge