UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID L. COOK,

    Plaintiff,

v.

MARCOS TORRES, et al.,

    Defendants.

Case No. 19-cv-01370-PJH

**ORDER**

Re: Dkt. Nos. 67, 79, 87

    Plaintiff, a former county detainee and current federal prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. Defendants have filed motions for summary judgment and plaintiff's opposition is due shortly. Presently pending are several motions filed by plaintiff. To address these motions a summary of the case is necessary. Plaintiff alleges that he was illegaly searched by defendant police officers on four separate occasions that led to multiple arrests. He alleges that he was illegally searched on October 3, 2018, by Concord Police, and on August 16, 2018, October 15, 2018 and January 9, 2019, by Antioch Police. Defendants argue that plaintiff was on court ordered probation for the first three searches; therefore, the searches were legal under the circumstances. Defendants argue that plaintiff pled no contest with respect to a charge from the fourth search on January 9, 2019; therefore, his claim for money damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff generally argues that he was not on probation, thus the searches were illegal.

**Discovery**

    Plaintiff previously filed a motion to compel that was denied by the court without prejudice and plaintiff was provided an opportunity to file an amended motion. Docket

No. 54. The court noted that plaintiff generally argued that he was entitled to all of his discovery requests, but he had failed to specifically describe what of his discovery should be compelled and why. The court dismissed the motion without prejudice and noted that plaintiff must identify each specific discovery request he seeks to compel, state defendants' answer to the request and describe how the answer is insufficient and why the court should intervene. The court noted that the relevant issue for this case is if plaintiff was on probation at the time of the first three incidents.

Plaintiff has filed an amended motion to compel. Docket No. 67. He again generally argues that the court should compel all relevant documents and records. The court will address the specific requests that plaintiff has presented. The court also notes that the parties have recently stipulated to a protective order.

- Plaintiff seeks police dispatch communications from the Antioch Police defendants. These defendants have provided the discovery. Therefore, this request is denied as moot.
- Plaintiff seeks citizen complaints and grievances against the Antioch Police defendants. This request is overbroad and not relevant to the facts and issues of this case. The request is denied.

To the extent plaintiff seeks sanctions against defendants, any such request is denied. The amended motion to compel (Docket No. 67) is denied.

**Subpoenas**

Pursuant to Fed. R. Civ. P. 45(a)(3) the court sent plaintiff several blank subpoenas for plaintiff to complete and return to the court. Plaintiff has returned two subpoenas. Docket No. 71.

The first subpoena seeks video footage from a surveillance camera at a 7-11 convenience store with respect to the January 9, 2019, incident. Defendants do not argue that plaintiff was on probation during this incident. They argue that plaintiff's claim for money damages is barred by *Heck* because plaintiff pled no contest to charges stemming from this incident. Defendants have raised this issue in the pending motion for

2

summary judgment. Video footage from this incident is not relevant for the pending motion and the *Heck* issue.[1] If plaintiff proceeds beyond summary judgment, the court will order the United States Marshal to serve the subpoena.

In the second subpoena, plaintiff seeks the Metro PCS cellular phone company to provide data and phone call records from a phone number belonging to A. Plucus, regarding the August 16, 2018 incident. Docket No. 71. It is not clear the identity of A. Plucus. This individual is not a party to this action. Plaintiff states that this phone has an application that was operating that recorded the conversation between defendant Torres and the police dispatch unit. First, plaintiff has not offered any evidence or allegations that Metro PCS will have these recordings from the phone at issue or the relevance of the call records. The court notes that plaintiff has already been provided the dispatch communications for this incident that contain the conversation between defendant Torres and the police dispatch. More importantly, plaintiff seeks to subpoena cellular phone records and apparently recordings from a third-party individual's phone who appears to have no relationship to this civil action. This raises serious privacy issues. If plaintiff knows this individual, he can contact the person and seek to obtain the recordings directly from them without court intervention.

The court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required, Federal Rule of Civil Procedure 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court," *Austin v. Winett*, 2008 WL 5213414, *1 (E.D. Cal. 2008); 28 U.S.C. § 1915(d). Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. *See* Fed. R. Civ. P. 26, 45. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only

---

[1] There are no allegations of excessive force in this case, only that plaintiff was illegally searched and arrested, and he contends that he was not on probation.

3

through the identified third party. *See, e.g., Davis v. Ramen*, 2010 WL 1948560, *1 (E.D. Cal. 2010); *Williams v. Adams*, 2010 WL 148703, *1 (E.D. Cal. 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa.1991); *see also, United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. *Badman*, 139 F.R.D. at 605.

Plaintiff states that the recording will demonstrate that police dispatch advised defendant Torres that plaintiff was on Active PRCS Supervision. Docket No. 90 at 2. Plaintiff states that this is relevant because defendant Torres stated in his police report and the motion for summary judgment that plaintiff was on Misdemeanor Probation. *Id*. Plaintiff is not clear if there is a discrepancy between these two types of probation. He still contends that his probation was terminated in 2017. However, defendant Torres' declaration in the summary judgment motion states that dispatch advised him that plaintiff was on PRCS supervision. Docket No. 74-6 ¶ 6; Ex. A at 13. Thus, the recording plaintiff seeks confirms what defendant Torres states in his declaration. There is no dispute that requires a subpoena. Torres also noted that in addition to PRCS supervision, a computer system indicated that plaintiff was on court ordered probation and was out of compliance with his annual sex offender registration pursuant to Cal. Pen. Code section 290. Docket No. 74-6 ¶ 6; Ex. A at 13. This was all set forth in defendant Torres' police report. *Id*. Ex. A at 13.

Defendants have submitted for judicial notice a Misdemeanor Order of Probation Form for plaintiff indicating that he was placed on court probation for 2 years commencing on November 18, 2016. Docket No. 75, Ex. A. In the motion for summary judgment, defendants note that Postrelease Community Supervision (PRCS) is separate from court-ordered probation and even if plaintiff was no longer under PRCS supervision

4

he was still on court-ordered probation. Docket No. 74 at 11. In fact, the police report from plaintiff's arrest for the August 16, 2018 incident reflects that the PRCS supervision was inactive, but the court ordered probation was still valid. Docket No. 74-6 Ex. A at 13.

Thus, because there is no discrepancy between plaintiff's allegations and defendants Torres' declaration and police report and because plaintiff has been provided the dispatch recordings, the court will defer on submitting the subpoena to the United States Marshal. If plaintiff continues past summary judgment and the recording is deemed necessary, the court will instruct the parties to brief the law related to the privacy issues and the burden on Metro PCS and the third party individual with the phone at issue, and the court will then rule.[2]

**Miscellaneous Motions**

Plaintiff has also filed a motion to stay this case because he does not have the discovery that he requires. As noted above, the discovery issues have been resolved and plaintiff does not need to wait for the subpoenaed information. Plaintiff notes that new defendants were recently served and appeared on January 11, 2021, and he may seek new discovery for these defendants. While a stay is denied, the date to file an opposition to the summary judgments will be extended to April 12, 2021. Plaintiff is again informed that any discovery requests must relate to the issues of this case.

Plaintiff has also filed a motion asking the court to force the return of certain property. Docket No. 79. The motion is denied because the individuals identified by plaintiff are not subject to the court's jurisdiction. The pendency of this action does not give the court jurisdiction over prison officials in general or over the relief requested in plaintiff's motion that is not the subject of the operative complaint. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).

---

[2] The court notes that the two court signed subpoenas were inadvertently sent to plaintiff. Plaintiff should not attempt to mail these to the third parties. These subpoenas require personal service. *See* Fed. R. Civ P. 45(b).

**CONCLUSION**

1. Plaintiff's amended motion to compel (Docket No. 67) is **DENIED**.

2. The Court will defer on ordering the United States Marshal to serve the subpoenas and the United States Marshal shall take no action on the subpoenas until receiving a further order from the court.

2. Plaintiff's motion for return of property and motion for a stay (Docket Nos. 79, 87) are **DENIED**. Plaintiff will be provided an additional extension for the opposition to the summary judgment motions. An opposition shall now be filed by **April 12, 2021**.

**IT IS SO ORDERED.**

Dated: February 22, 2021

                                                  */s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge