UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. COOK,<br><br>        Plaintiff,<br><br>    v.<br><br>MARCOS TORRES, et al.,<br><br>        Defendants. | Case No. 19-cv-01370-PJH<br><br>**ORDER**<br><br>Re: Dkt. Nos. 98, 100 |

    Plaintiff, a former county detainee and current federal prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. On February 22, 2021, the court denied plaintiff's motion to compel and deferred issuing an order to the United States Marshal to serve plaintiff's subpoenas. Docket No. 93.[1] Plaintiff has filed a motion to vacate the order, that the court construes as a motion for reconsideration.

    No pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court. See Civil L.R. 7-9(a). The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which

---

[1] A detailed discussion of these issues can be found in the court's prior order. Docket No. 93.

were presented to the court before such interlocutory order.  See Civil L.R. 7-9(b).  Unless otherwise ordered by the court, no response need be filed to a motion under the Local Rule.  See Civil L.R. 7-9(c).

Plaintiff states that he has not received dispatch recordings from the Antioch Police defendants.  These defendants indicated that recordings for two separate incidents had already been provided to plaintiff and a third recording was provided in a computer link attached to a filing with the court.  Docket No. 80 at 2; Docket No. 80-1 at 6.  It appears there is a discrepancy if the discovery has been received by plaintiff.  Defendants must again provide the three dispatch recordings to plaintiff by April 13, 2021.  If plaintiff is unable to access the digital recording or play the other recordings due to prison limitations, the parties must meet and confer to solve any problems.[2]  If plaintiff is hindered in his ability to access these recordings at his prison, he must document his efforts with prison officials to listen to the recordings.

For the foregoing reasons:

1. Plaintiff is granted leave to file this motion for reconsideration (Docket No. 100) which is **GRANTED** in part.  The Antioch defendants must again provide the police dispatch recording for the three different incidents.  The discovery shall be provided by **April 12, 2021**.  The motion for reconsideration is denied in all other respects.

2. Plaintiff's motion to exclude judicially noticed documents from the summary judgment motions (Docket No. 98) is **DENIED**.  Plaintiff may challenge the evidence and argue against judicial notice in his opposition to summary judgment.

3. Plaintiff's opposition to summary judgment shall still be filed by **April 12, 2021**.[3]  Plaintiff will be able to file a supplemental opposition once he accesses the discovery noted above.

---

[2] Because plaintiff is incarcerated out of state, the meet and confer can be through mail or other means.
[3] The majority of arguments in the motions for summary judgment concern if plaintiff was on probation during many of the police searches and if his claim for money damages is barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Plaintiff can address these arguments without the discovery at issue.

**IT IS SO ORDERED.**

Dated: March 24, 2021

                                            */s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge