UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID L. COOK,

               Plaintiff,

      v.

MARCOS TORRES, et al.,

               Defendants.

Case No. 19-cv-01370-PJH

**ORDER**

Re: Dkt. Nos. 110, 111, 116, 121

     Plaintiff, a former county detainee and current federal prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983.  Defendants filed motions for summary judgment on December 18, 2020, and January 8, 2021.  Currently pending are several motions filed by plaintiff regarding obtaining recordings of dispatch communications and a motion to amend.

     To address these motions a summary of the case is necessary.  Plaintiff alleges that he was illegally searched by defendant police officers on four separate occasions that led to multiple arrests.  He alleges that he was illegally searched on October 3, 2018, by Concord Police, and on August 16, 2018, October 15, 2018 and January 9, 2019, by Antioch Police.  Defendants argue that plaintiff was on court ordered probation for the first three searches; therefore, the searches were legal under the circumstances.  Defendants argue that plaintiff pled no contest with respect to a charge from the fourth search on January 9, 2019; therefore, his claim for money damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Plaintiff generally argues that he was not on probation, thus the searches were illegal.

United States District Court
Northern District of California

1

2          **Dispatch Recordings**

3          On August 10, 2020, the Antioch Police defendants ("Antioch Defendants")

4    provided plaintiff with the available dispatch recordings via a disc.  Docket No. 119 at 2.

5    A third dispatch recording was discovered and provided to plaintiff with a computer link

6    on January 21, 2021.  *Id*.  Plaintiff alleged that he was not provided with the recordings,

7    so the court ordered the Antioch Defendants to again submit them to plaintiff.  On March

8    10, 2021, the Antioch Defendants sent plaintiff a letter that included computer links to the

9    recordings.  Docket No. 119 at 3.  Plaintiff indicated that a friend attempted to use the

10   links but was unsuccessful.  Antioch Defendants contacted plaintiff's friend who indicated

11   that it was possible plaintiff had provided her with the incorrect computer link addresses.

12   She then noted that the links had expired.  *Id*. at 4.  On May 14, 2021, the Antioch

13   Defendants provided plaintiff's friend with another email with the computer links and sent

14   a letter to plaintiff with the computer links.  Docket No. 119, Leed Decl. Exs. B, C.  On

15   May 26, 2021, at plaintiff's request, Antioch Defendants sent a thumb drive to plaintiff

16   with the recordings.  Docket No. 124 at 4.

17         The majority of arguments in the motions for summary judgment concern if plaintiff

18   was on probation during many of the police searches and if his claim for money damages

19   is barred by *Heck*.  The dispatch recordings are not required for much of the summary

20   judgment motion and it is questionable if they are relevant at all.  Plaintiff was ordered to

21   file an opposition without the recordings, and he would be provided an opportunity to file

22   a supplemental opposition if the recordings were relevant.  Plaintiff has already filed two

23   rounds of oppositions.  Docket Nos. 102-109, 122-123.

24         Plaintiff's motions to compel are denied.  The Antioch Defendants have gone to

25   great lengths to provide plaintiff and his friend the dispatch recordings.  Plaintiff has not

26   provided sufficient arguments regarding why he has been unable to access them and his

27   efforts to listen to them, despite being ordered by the court to address these issues.  In

28   addition, it is unclear how relevant the recordings are to the pending motions for

United States District Court
Northern District of California

United States District Court
Northern District of California

summary judgment.  Plaintiff will be provided one final opportunity to file a supplemental opposition with respect to the recordings.  The Antioch Defendants will also be ordered to provide the recordings for the court to listen to while reviewing the summary judgment motions.

**Motion to Amend**

Plaintiff also seeks to file an amended complaint to add a claim against a defendant by his wife.  The motion is denied.  Plaintiff as a non-attorney pro se litigant cannot represent another party.  *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Johns v. County of San Diego*, 114 F.3d 874, 876-877 (9th Cir.1997) (explaining that constitutional claims are personal and cannot be asserted vicariously, and that a non-attorney may appear pro se on his own behalf but has no authority to appear as an attorney for others).  Plaintiff's wife may file her own separate case, though it is possible that the statute of limitations has already expired.

**Conclusion**

1.  Plaintiff's motion for reconsideration regarding the dispatch recordings (Docket No. 110) is **GRANTED** in part as noted above.  Plaintiff may file a supplemental opposition to the summary judgment motions only addressing the dispatch recordings, by **July 9, 2021**.  No further extensions will be provided.

2.  Plaintiff's motions to compel are (Docket Nos. 111, 116) are **DENIED** as noted above.  The Antioch Defendants shall provide a thumb drive or other means for the court to review the dispatch recordings by **July 2, 2021**.  If the Antioch Defendants provide a web link, the link must not expire for three months.

3.  Plaintiff's motion to file an amended complaint (Docket No. 121) is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 11, 2021

_/s/ Phyllis J. Hamilton_

PHYLLIS J. HAMILTON
United States District Judge