UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. COOK,<br><br>        Plaintiff,<br><br>    v.<br><br>MARCOS TORRES,<br><br>        Defendant. | Case No. 19-cv-01370-PJH<br><br>**ORDER GRANTING MOTION TO EXPEDITE AND GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>Re: Dkt. Nos. 171, 172 |

       Before the court is the motion of appointed pro bono counsel Steven Williams to withdraw as counsel for plaintiff.  See Dkt. 171.  Also before the court is a motion to expedite the schedule on the motion to withdraw as counsel.  See Dkt. 172.

       The motion to withdraw is based on the following: (1) "plaintiff and counsel cannot agree on the strategy and course of conduct which should be pursued in this case," (2) "plaintiff has already advised defendant in writing that he is not represented by Steven N. Williams," (3) "in these circumstances it is unreasonably difficult" for counsel to effectively carry out his duties, and (4) withdrawal "will not cause substantial prejudice to any party." See Dkt. 171 at 2.

       Counsel states that "in order to preserve all applicable privileges, the details of the disagreements between plaintiff and counsel will not be set forth here, though plaintiff has sent an email to defense counsel (which plaintiff did not send to Mr. Williams) advising that Mr. Williams is no longer his counsel and stating his objections to certain orders of the court as well as his intention to take certain steps challenging those rulings."  Dkt. 171 at 4.  The email is attached to counsel's declaration, and was sent directly from plaintiff to

defense counsel. See Dkt. 171-1, Ex. 1.  The email informs defense counsel that "Steve Williams is not my attorney as of 10:36am" and expresses plaintiff's intent to challenge the court's case management order of May 19, 2022. Id.  Counsel's declaration states that "shortly after the May 19, 2022 conference I advised Plaintiff David L. Cook Sr. that I would not be able to represent him because I would not be able to take the actions in the case that he wanted me to take." Dkt. 171-1, ¶ 7.

The motion notes that the fact discovery deadline is December 30, 2022 and the deadline for expert discovery is March 31, 2023, and thus argues that there will be no prejudice if the withdrawal is permitted.  See Dkt. 171 at 4.  Counsel's declaration further states that defense counsel does not oppose the relief sought in the motion.  Dkt. 171-1, ¶ 10.

As mentioned above, plaintiff's counsel also filed a motion to expedite.  See Dkt. 172.  The motion to expedite explains that there is no opposition to the withdrawal motion from any involved parties, and thus argues the motion should be expedited to allow plaintiff to secure representation and move the matter forward.  Dkt. 172 at 3.

The court concludes that the record shows that no party opposes counsel's request to withdraw.  Plaintiff, by directly sending an email to defense counsel stating that "Steve Williams is not my attorney," has now acted in a way that indicates his intent to proceed pro se.  See Dkt. 171-1, Ex. 1 (email from plaintiff to defense counsel).  And as mentioned above, the motion states that defense counsel does not oppose withdrawal.  Accordingly, the court having found that no further briefing is necessary, the motion to expedite (Dkt. 172) is GRANTED and the motion to withdraw as counsel (Dkt. 171) is also GRANTED.  Unless plaintiff informs the court that he has independently retained counsel, the court will proceed on the basis that plaintiff is serving as his own counsel.  Plaintiff's counsel shall serve a copy of this order on plaintiff, and plaintiff shall then provide his current mailing address to the court for future notices, as the last mail sent to the address on file was returned as undeliverable.  See Dkt. 160.

Finally, the court notes that defense counsel attempted to order a transcript of the

May 19, 2022 case management conference, but because no court reporter was present for the proceeding, no transcript was available.  See Dkt. 169.  The court informs the parties that, while no court reporter was present, an audio recording of the hearing is available on the court's website, under the selection for "online order form for audio recordings."

**IT IS SO ORDERED.**

Dated:  August 3, 2022

        /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge